1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STRIKE 3 HOLDINGS, LLC,

           Plaintiff,

    v.

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 73.222.70.179,

           Defendant.

Case No.  25-cv-05465-RS

**ORDER GRANTING LEAVE TO ISSUE
THIRD-PARTY SUBPOENA**

## I.   INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3"), seeks a subpoena to unmask someone allegedly sharing its copyrighted pornographic films. Strike 3 has determined Defendant's Internet Protocol ("IP") address, but only the Internet Service Provider ("ISP") associated with that address (in this instance, Comcast Cable Communications, LLC ("Comcast")) can determine the account holder to which that address was assigned.

As noted in previous orders concerning the same Plaintiff, courts and parties across the country have raised concerns that Strike 3 is effectively extorting account owners. Strike 3 files many of these lawsuits, regularly embarrassing defendants into settling, even if those defendants have grounds to oppose Strike 3's complaint. Nonetheless, the law provides Strike 3 the right to issue a subpoena. To ensure no prejudice to the possibly innocent account owner, courts routinely protect the identity of defendants in these cases until, at least, further discovery reveals some information about them and whether they are at all likely to be the perpetrator. Leave to issue the subpoena is granted with these protective measures in place. Defendant can proceed anonymously

1    until that individual can assert a defense. Strike 3 must also fulfill its promise to propose

2    confidentiality, and Defendant must be informed of these measures.

3    ## II. BACKGROUND[1]

4        Strike 3 is a producer of pornographic videos. Notwithstanding Plaintiff's copyright

5    protections, its videos are often distributed illegally online using file-sharing protocols, such as

6    BitTorrent. Using specialized software, Strike 3 identified the IP address of a BitTorrent user who

7    distributed twenty-four of its films without authorization.

8        Strike 3 filed suit against this unknown Defendant on June 30, 2025, but it cannot proceed

9    without a subpoena to the Internet Service Provider ("ISP"), Comcast, associated with the IP

10    address for the name of the account owner. Strike 3 has tried obtaining the identity in other ways

11    and failed. However, it has determined that the IP address traces to somewhere in this district.

12    ISPs routinely delete this information after a certain time. Thus, Strike 3 filed an *ex parte*

13    application for leave to serve a third-party subpoena to the ISP before a Rule 26(f) conference,

14    pursuant to Rule 45 of the Federal Rules of Civil Procedure. Strike 3 is mindful of the controversy

15    surrounding its litigation practices and, to mitigate the risk of pressuring people into unjust

16    settlements, it claims it has a policy of entering into confidentiality agreements and "not seek[ing]

17    settlements unless initiated by a defendant." Dkt. 7, at 3.

18    ## III. LEGAL STANDARD

19        A court may authorize early discovery before the Rule 26(f) conference for the parties' and

20    witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the

21    Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery.

22    *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002).

23    "Good cause may be found where the need for expedited discovery, in consideration of the

24    administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

25

26    _____

27    [1] The factual background is based on the allegations in the Complaint, which are taken as true for the purposes of this motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine if the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is reasonably likely to lead to identifying information that will permit service of process. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (third alteration in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

## IV.  DISCUSSION

### A.  Strike 3's Pattern of Litigation

Strike 3 has been labeled by some as a "copyright troll" that files extortive lawsuits. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203, 1205 (D.C. Cir. 2020). In its detractors' view, it profits from "the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs." *Ingenuity 13 LLC v. Doe*, No. 12-cv-8333, 2013 WL 1898633, at *1 (C.D. Cal. May. 6, 2013). Critics posit that the scheme works as such: Strike 3 identifies thousands of IP addresses per year that uploaded its copyrighted material. *Strike 3*, 351 F. Supp. 3d at 162 (summarizing many cases). It files thousands of lawsuits and attempts to subpoena the subscriber information. *See Strike 3 Holdings, LLC v. Doe*, No. 22-cv-5160, 2022 WL 5007963 (N.D. Cal. Oct. 4, 2022); *see also Strike 3 Holdings, LLC v. Doe*, No. 22-cv-5088, 2022 WL 4467684 (N.D. Cal. Sept. 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-4577, 2022 WL 4021841 (N.D. Cal. Sept. 2, 2022); *Strike 3 Holdings, LLC v. Doe,* No. 21-cv-6886, 2021 WL 4820249 (N.D. Cal. Sept. 30, 2021). When it succeeds, the subscriber learns he or she is being sued for uploading pornography. To save

ORDER GRANTING LEAVE TO FILE SUBPOENA
CASE NO. 25-cv-05465-RS

themselves public embarrassment, the subscriber usually settles for just less than the cost of defending the suit. Defendants' sole alternative is to pay high legal fees for a specialist in copyright law and hope the court lets them proceed anonymously. When a defendant does put up any fight, the company usually drops the case. *See Strike 3*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

**B.  Strike 3 Is Entitled to the Requested Subpoena**

While Strike 3's tactics are questionable, it is entitled to the same copyright protections afforded to any other content publisher. *See Jartech, Inc. v. Clancy*, 666 F.2d 403, 405–06 (9th Cir. 1982). Ultimately, caselaw makes clear it would be an abuse of discretion to deny Plaintiff leave for this subpoena. The Ninth Circuit has not ruled on a request for a subpoena by Strike 3, but it has endorsed the general scheme of limited discovery for copyright infringement. *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1036 (9th Cir. 2018). Strike 3 needs this third-party subpoena to ascertain Defendant's identity. *Wakefield*, 177 F.3d at 1163. Its request satisfies the *seescandy* factors. *See* 185 F.R.D. at 578. Accordingly, Strike 3 has demonstrated its entitlement to file the subpoena.

**C.  Protective Measures**

Even if leave must be granted, the question of protective measures remains. Rule 26(c) allows a court to grant a protective order if there is good cause. *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Courts routinely impose conditions on the grant of these subpoenas, such as requiring the subscriber's name not be made public, and that court filings discussing the identity must be redacted and sealed, at least until further discovery can be taken. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 19-cv-160, 2019 WL 591459, at *3 (N.D. Cal. Feb. 13, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-4993, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2637, 2019 WL 935390, at *2 (E.D. Cal. Feb. 26, 2019). Indeed, Strike 3 avers it welcomes protective measures. This policy, along with its asserted policies of not proposing settlements and only pursuing large-scale offenders, ostensibly

United States District Court
Northern District of California

ensures justice is done.

Strike 3's policies are not as reassuring as it thinks. Large-scale infringement may logically stem as often from one zealous user as from an IP address for a location with many users, in which Strike 3's case may be impossible. Not proposing settlement may suggest only that Strike 3 is supremely confident in its case. Finally, Defendant might not be aware that he or she may ask for anonymity.

To ensure Defendant is not unduly prejudiced, Plaintiff must attempt to ensure Defendant knows he or she can proceed anonymously at the earliest possible opportunity, as ordered below. The ISP must serve a copy of this order on Defendant, which would accomplish this purpose. Strike 3 is also ordered to certify it has proposed a confidentiality agreement with Defendant. This should pose no hardship given that Strike 3 claims it has a policy of entering into confidentiality agreements by default.

## V.  CONCLUSION

1. Plaintiff has established good cause exists to serve a third-party subpoena on Comcast. Its request for leave to serve a third-party subpoena is granted. Strike 3 must attempt to ensure Defendant knows, at the earliest possible opportunity, they may proceed anonymously in this case.

2. Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name and address of the Defendant to whom Comcast assigned an IP address as set forth in Exhibit A to the complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; the same requirements laid out for Comcast in this Order will also apply to any follow-on orders pursuant hereto.

4. If Comcast qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[2] then it

---

[2] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant

United States District Court
Northern District of California

1    shall comply with 47 U.S.C. § 551(c)(2)(B)[3] by sending a copy of this Order to Defendant.

2         5. Plaintiff shall also request that Comcast forward a copy of this Order to the subscriber,

3    regardless of whether the ISP qualifies as a cable operator. If Comcast declines, Plaintiff shall

4    serve a copy of this Order on Defendant either at the same time as or before any other service on

5    or communication with Defendant.

6         6. Plaintiff may use only the information disclosed in response to a Rule 45 subpoena

7    served on Comcast for the purpose of protecting and enforcing Plaintiff's rights as set forth in its

8    complaint. Specifically, Plaintiff must not publicly disclose the information obtained based on this

9    subpoena without leave of the Court—at least until the Doe defendant has had an opportunity to

10   file a motion to proceed anonymously, or further discovery has been taken. All references to

11   Defendant's identity must be redacted and filed under seal until further notice.

12        7. Comcast and/or any other ISP that receives a subpoena pursuant to this Order must

13   confer with Strike 3 and may not assess any charge in advance of providing the information

14   requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of

15   production must provide a billing summary and cost reports that serve as a basis for such billing

16   summary and any costs claimed by the ISP.

17        8. Comcast and/or any other ISP that receives a subpoena pursuant to this Order must

18   preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

19   **IT IS SO ORDERED**.

20   Dated: August 4, 2025

21

22   RICHARD SEEBORG
     Chief United States District Judge

23

24   _____

     interest in such cable system, or (B) who otherwise controls or is responsible for, through any
25   arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

26   [3] "A cable operator may disclose such [personally identifiable] information if the disclosure is . . .
     made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such
27   order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

28                                                ORDER GRANTING LEAVE TO FILE SUBPOENA
                                                  CASE NO. 25-cv-05465-RS

United States District Court
Northern District of California